UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

R5 PARTNERS, INC.

Plaintiff,

-against-

RENATUS ADVISORS, LLC AND ERIC SWIDER

Defendants.

---

Civil No.

**COMPLAINT**

**TO THE HONORABLE COURT**:

Plaintiff R5 Partners, Inc. ("R5" OR "Plaintiff") by its attorneys, alleges as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff brings this action as a result of Defendants Renatus Advisors ("Renatus") and Eric Swider ("Swider") or collectively, the ("Defendants") failure to honor the terms of a Promissory Note Agreement ("Note" or "Agreement") entered into on June 1, 2021 (a true and correct copy of the Note is annexed hereto as Exhibit 1).

2. Plaintiff seeks injunctive relief in the form of a freeze on the transfer, sale or other movement of Defendants' shares of DJT stock (to which Plaintiff is entitled according to the terms of the Note). Plaintiff further seeks no less than $5.3 million in damages, again pursuant to the

Note.

3.  Renatus owes the funds in the first instance, and Swider owes those funds as personal guarantor of Renatus. The Unlimited Personal Guaranty Agreement ("Personal Guaranty") is annexed hereto as Exhibit 2.

4.  The Note and Personal Guaranty are form documents used by Renatus and Swider and were provided by Defendants for this transaction – not Plaintiff. Thus, all ambiguities are to be construed as against Defendants.

## PARTIES

5.  Plaintiff R5 is a corporation organized under the laws of Pennsylvania, located at 37 West Avenue, Wayne PA, 19087.

6.  Defendant Renatus Advisors LLC is a limited liability company organized under the laws of Puerto Rico, located at 2 Calle Acerina, Caguas PR, 00791.

7.  Eric Swider is a resident of Puerto Rico, located at 90 Candelero DR 12 AB, Humacao PR 00791.

## JURISDICTION

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between R5, a citizen of Pennsylvania, and Renatus/Swider, citizens of Puerto Rico, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

9.  Venue is proper in this District Court under 28 U.S.C. § 1391(b) because the defendants in this action are both citizens of Puerto Rico.

10.    Venue is also proper in this District Court under 28 U.S.C. § 1391(b) because the Parties have agreed to bring actions arising out of the obligations contained in the Note exclusively in this Court and have waived their right to object to this condition.

11.    In pertinent part, the Note states:

12.    This Promissory Note shall be governed by, and construed in accordance with, the laws of the Commonwealth of Puerto Rico, without regard to the conflict of laws principles thereof. All actions or proceedings arising in connection with this Promissory Note may be tried and litigated in, and the Borrower and the Lender hereby submit to the exclusive jurisdiction of the courts of the Commonwealth of Puerto Rico located in the Municipality of San Juan, Puerto Rico, and appellate courts from any thereof.

EACH OF THE BORROWER AND THE LENDER HEREBY IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED ON CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THE LOAN OR THE ACTIONS OF THE LENDER IN THE NEGOTIATION, ADMINISTRATION, PERFORMANCE OR ENFORCEMENT HEREOF.

13.    Similarly, the Personal Guaranty says:

**Service of Process; Jurisdiction; Venue**. As a further inducement to the Company to grant the Credit Facility and in consideration thereof, the Guarantor irrevocably consents, to the extent permitted by law, to service of process by registered or certified mail, postage prepaid, return receipt requested, to it at the address set forth in Section 9 hereof, and hereby waives personal service thereof, and agrees that within thirty (30)days after such mailing, the Guarantor so served shall appear or answer to any summons and complain or other process. With respect to any claim or action arising hereunder, the Guarantor:

(a) irrevocably submits, at the sole option of the Company, to the nonexclusive jurisdiction of the Federal Court or local courts of the Commonwealth of Puerto Rico located in the Municipality of San Juan, Puerto Rico, and appellate courts from any thereof,

(b) irrevocably waives any objection which it may have at any time to the laying on venue of any suit, action or proceeding arising out of or relating to this Guaranty brought in any such court, and

(c) irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Nothing in this Guaranty will be deemed to preclude the Company from brin[g]ing an action or proceeding with respect hereto in any other jurisdiction to the extent permitted by law.

# FACTUAL ALLEGATIONS

14. Renatus is the maker of the Note in favor of Brian Shevland dated June 1, 2021 in the principal amount of $50,000.00, subject to 1% interest per annum until July 1, 2022 (the "Maturity Date").

15. According to the Note, Renatus was to have paid back those funds by the Maturity Date to pay to the order of "Brian C. Shevland or the entity that he designates," and Mr. Shevland has designated R5 (pursuant to a separate assignment of Shevland's interests in the Note and Personal Guaranty to R5).

16. The funds were not repaid by the Maturity Date.

17. No funds have been repaid.

18. Pursuant to the Note, any sums which were unpaid when due, whether maturing by lapse of time or by reason of acceleration and whether principal, Interest, or for attorneys' fees, shall bear interest at the highest lawful rate, or if no highest lawful rate is established, at the rate of thirteen percent (13%) per month.

19. Critically, in addition to the interest stated above, the parties to the Note also agreed to "*sharing of 50% of all net revenue for all current and future revenue that either Eric Swider or Renatus Advisors LLC receives or has a right to receive*."

20. This Note was personally guaranteed in full by Eric Swider, the member of Borrower (the "Member).

21. The Personal Guaranty is dated June 3, 2021.

22. It states, in pertinent part:

> **Guaranty.** The Guarantor, jointly and severally ("solidariamente") with the Borrower and any other guarantor, hereby absolutely and unconditionally guarantees to the Company the prompt payment when due of all obligations of every kind and character now or hereafter existing (whether matured or unmatured, contingent or liquidated) of the Borrower under the Promissory Note, as such instrument may be amended, supplemented, extended or restated, or otherwise modified from time to time, whether for principal, interest (including, without limitation, all interest accruing or payable at the interest rate provided in the Promissory Note, as well as all 50/50 revenue sharing agreed to in the Promissory Note), fees, expenses, reimbursement, indemnification or otherwise (all such obligations being the "Guaranteed Obligations").
>
> Without limiting the generality of the foregoing, this Guaranty guarantees the payments of all amounts that constitute part of the Guaranteed Obligations and would be owed by the Borrower to the Company under the Promissory Note.

23. Defendants provided both the Note and the Personal Guaranty agreements, telling Shevland that Defendants have used them personally and have had to enforce them previously when they lent money to parties who defaulted on them.

24. Thus, Defendants were extremely familiar with the terms at the time of executing the Note and Personal Guaranty.

25. Defendants knew that under the Note, after June 1, 2022, any sums not paid bore interest at the rate of thirteen percent (13%) per month.

26. Defendants knew that "In addition to the interest stated above, Borrower agrees to sharing of 50% of all net revenue for all current and future revenue that either Eric Swider or Renatus Advisors LLC receives or has a right to receive."

27. Based on publicly available sources, Swider has received no less than 180,543 shares of DWAC stock and Renatus no less than 143,043 as compensation/net revenue (DWAC now trades as DJT on Nasdaq).

28. Publicly available information also indicates that Swider received $15,000 each month since he took over as CEO of DWAC, and further, Swider's newly appointed position on the DJT board also comes with compensation.

29. According to Swider, in addition to the above, Swider was also granted 3%-5% founders' equity in a new company expected to go public at a $1B valuation.

30. Plaintiff is entitled to 50% of all the above pursuant to the plain terms of the Note and Personal Guaranty.

31. No notification of default is required based on the terms of the Note, but Shevland provided written formal demand for payment by letter sent certified USPS mail, received by Swider on April 17, 2024.

32. Written communications devolved from there, with Swider threatening to "go to war" among other things.

33. Counsel to Plaintiff sent a Final Demand Letter dated August 16, 2024 to Swider in an effort to resolve this pre-litigation, but Swider did not respond or make payment.

34. At this point, despite certain written communications from Swider saying he would pay the amount outstanding, nothing has been paid and this lawsuit is the only recourse available.

### COUNT I: BREACH OF CONTRACT – SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

35. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-34 of this Complaint with the same force and effect as if fully set forth at length herein.

36. The Note and Personal Guaranty are enforceable contracts.

37. Defendants have failed to provide repayment since the Maturity Date of June, 2022, and continue to refuse to provide repayment, and thus are in default of the Note.

38. The Note is in default, triggering the increased interest and 50/50 split of Defendants'

revenue, among other things.

39. Swider and Renatus have received vast funds and shares in revenue but have failed to provide 50% of that revenue to Plaintiff.

40. Plaintiff has been damaged and will continue to suffer damages until the funds and shares are transferred to it.

41. Depriving Plaintiff of its opportunity to sell these shares at the prices available on the market now is not easily calculable as pure "money damages" because without the shares, Plaintiff cannot sell – and the value of the shares fluctuates.

42. Therefore, Plaintiff is entitled to specific performance mandating the immediate issuance of shares in the total amount owed pursuant to the Note, as accelerated including principal amount, all interest, and penalties.

43. Minimally, Plaintiff is entitled to an injunction prohibiting the Defendants from transferring, selling, or otherwise disposing of their funds and shares.

44. The Court should issue an injunction mandating Defendant to issue the shares in the total amount owed pursuant to the Note, as accelerated including principal amount, all interest, and penalties, and prohibiting Defendants from transferring, selling, or otherwise disposing of their funds and shares until this matter is fully adjudicated.

## COUNT II: BREACH OF CONTRACT – MONEY DAMAGES AND PENALTIES

45. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-44 of this Complaint with the same force and effect as if fully set forth at length herein.

46. The Note and Personal Guaranty are enforceable contracts.

47. Defendants have failed to provide repayment since the Maturity Date of June, 2022, and continue to refuse to provide repayment, and thus are in default of the Note.

48. The Note is in default, triggering the increased interest and 50/50 split of Defendants' revenue, among other things.

49. Swider and Renatus have received vast funds and shares in revenue but have failed to provide 50% of that revenue to Plaintiff.

50. Plaintiff has been damaged and will continue to suffer damages until the funds and shares are transferred to it.

51. Thus, Plaintiff is entitled to damages and penalties pursuant to the Note and Personal Guaranty, including but not limited to $5.3 million already outstanding, with interest and other penalties still accumulating on top of this total.

**WHEREFORE,** Plaintiff prays for the following relief:

i. Preliminary injunctive relief mandating the immediate transfer of DJT shares to Plaintiff in the total amount owed pursuant to the Note and Personal Guaranty, as accelerated including principal amount, all interest, and penalties;

ii. Specific performance mandating the transfer of DJT shares to Plaintiff in the total amount owed pursuant to the Note and Personal Guaranty, as accelerated including principal amount, all interest, and penalties;

iii. Additionally, compensatory damages in favor of Plaintiff and against Defendant in an amount to be determined by this Court, but currently at least $5.3 million plus interest, costs, and attorneys' fees;

iv. Additionally, damages and penalties pursuant to the Note and Personal Guaranty; and

v. Granting Plaintiff such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 19th day of September, 2024.

For Defendant R5 PARTNERS, INC.:

**GABRIEL A. PEÑAGARÍCANO, ESQ.**
P.O. Box 364966
San Juan, Puerto Rico 00936-4966
403 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel. (787) 767-9625

**S/ GABRIEL A. PEÑAGARÍCANO**
USDC PR: 212911
gpenagaricano@me.com