IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| R5 PARTNERS, INC., **Plaintiff**, v. RENATUS ADVISORS, LLC AND ERIC SWIDER, **Defendants**. | **CIVIL NO. 24-1440 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Plaintiff R5 Partners, Inc.'s ("Plaintiff" or "R5 Partners") *Motion in Compliance with Order to Show Cause* at Docket No. 33. For the reasons outlined below, the Court finds that there is a valid mandatory forum selection clause requiring **DISMISSAL WITHOUT PREJUDICE** of Plaintiff's claims against co-defendant Renatus Advisors, LLC ("Renatus").

I. PROCEDURAL AND FACTUAL BACKGROUND

On September 19, 2024, Plaintiff filed its *Complaint* against Renatus and Eric Swider ("Mr. Swider"), collectively "Defendants," for failure to comply with the terms of a Promissory Note Agreement and an Unlimited Personal Guaranty Agreement. (Docket No. 1). Plaintiff asserts that on June 1, 2021, Renatus, represented by its managing partner Mr. Swider, and Brian C. Shevland (Mr.

Shevland) or the entity that he designates, namely R5 Partners, executed the Promissory Note Agreement (the "Promissory Note"). (Docket Nos. 1 ¶ 14-15; 1-1).

Pursuant to the terms of the Promissory Note, the entity designated by Mr. Shevland (the Lender, *i.e.* R5 Partners), agreed to loan Renatus (the Borrower) fifty thousand dollars ($50,000.00). (Docket No. 1-1 at 1). In return, Renatus agreed to (1) pay interest on the Promissory Note equal to one percent (1%) annum; and (2) share fifty percent (50%) of all net revenue received by Renatus and Mr. Swider. Id. at 1-2. However, any sums of interest that were not paid on the maturity date, would bear interest at the highest lawful rate or, in the alternative, at a rate of thirteen percent (13%) a month). Id. Importantly, the Note also contained the following forum selection clause:

> This Promissory Note shall be governed by, and construed in accordance with, the laws of the Commonwealth of Puerto Rico, without regard to the conflict of law principles thereof. All actions or proceedings arising in connection with this Promissory Note may be tried and litigated in, and the Borrower and the Lender hereby submit to the exclusive jurisdiction of the courts of the Commonwealth of Puerto Rico located in the Municipality of San Juan, Puerto Rico, and appellate courts from any thereof.

Id. at 3.

On June 3, 2021, Mr. Swider and the entity designated by Mr. Shevland (the Company, *i.e.*, R5 Partners), entered into an

Unlimited Personal Guarantee Agreement (the "Guarantee Agreement"), whereby Mr. Swider (the Guarantor) agreed to "absolutely and unconditionally guarantee" the prompt payment of all of Renatus' obligations under the Promissory Note Agreement. (Docket No. 1-2 at 1). The Guarantee Agreement contained the following forum selection provision:

> With respect to any claim or action arising hereunder, the Guarantor . . . irrevocably submits, at the sole option of the Company, to the nonexclusive jurisdiction of the Federal Court or local courts of the Commonwealth of Puerto Rico located in the Municipality of San Juan, Puerto Rico, and appellate courts from any thereof.

Id. at 5. Although the Guarantee Agreement recognizes that Renatus is the borrower that executed the Promissory Note, Renatus is not a party to the Guarantee Agreement. Id. at 1, 9.

On September 19, 2024, Plaintiff filed a *Complaint* for breach of contract, alleging that Renatus and Mr. Swider failed to honor the terms of the Promissory Note and/or the Guarantee Agreement. (Docket No. 1). Accordingly, R5 Partners seeks specific performance of the contract, injunctive relief, monetary damages, and penalties. Id. at 6-8.

Renatus and Mr. Swider filed separate motions requesting dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on December 23, 2024 and January 10, 2025, respectively. (Docket Nos. 14 and 19). Plaintiff filed a *Memorandum in Opposition*, to which

Defendant's filed a joint *Reply*, and Plaintiff filed a *Sur-reply*. (Docket Nos. 22, 26, and 32).

On February 7, 2025, the Court issued an order instructing Plaintiff to file a memorandum of law showing cause as to why the *Complaint* should not be dismissed without prejudice in light of the forum selection clause contained in the Promissory Note. (Docket No. 29).

Plaintiff filed the pending *Memorandum of Law in Response to Judge's Order to Show Cause* (the "*Memorandum*"), presenting two arguments for why the forum selection clause in the Promissory Note does not require dismissal. (Docket No. 33). First, Plaintiff asserts that the forum selection clause is permissive, allowing for litigation in either the local or federal court located in the Municipality of San Juan in Commonwealth of Puerto Rico. Id. at 2. Second, Plaintiff claims that the forum selection clause of the Guarantee Agreement supersedes that of the Promissory Note. Id. at 2-3.

## II. DISCUSSION

### A. The forum selection clause is enforceable

Under federal law, determining the "enforceability of forum-selection clauses ordinarily entails several steps." Rivera v. Kress Stores of Puerto Rico, Inc., 30 F.4th 98, 103 (1st Cir. 2022) (citing Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46-47 (1st Cir. 2014)). First, the Court must

determine whether the clause at issue is permissive or mandatory. *See* Claudio-De Leon, 775 F.3d at 46. Second, the Court must ascertain the clause's scope. Id. at 47. The third and "final step in evaluating the clause involves asking whether there is some reason the presumption of enforceability should not apply." Id. at 48 (internal quotation marks and citation omitted).[1]

### 1. The Forum Selection Clause is Mandatory

The Court must first determine the threshold issue of whether the forum selection clause is mandatory or permissive. "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere ... In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." Centro Medico de Turabo, Inc., 575 F.3d at 17 (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed.1998)). Courts are tasked with examining the "specific language of the contract at issue." Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 388 (1st Cir. 2001)).

---

[1] The First Circuit has held "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 16 (1st Cir. 2009) (internal quotation marks and citations omitted). Thus, the application of federal common law does not present a conflict of laws issue.

In its *Memorandum*, Plaintiff misinterprets the full text of the forum selection clause. Specifically, Plaintiff alleges that the clause states that disputes "***may*** be tried and litigated in the courts of the Commonwealth of Puerto Rico." (Docket No. 33 at 2) (emphasis in the original). However, as noted above, the actual text of the forum selection clause reads as follows:

> All actions or proceedings arising in connection with this Promissory Note may be tried and litigated in, and **the Borrower and the Lender hereby submit to the exclusive jurisdiction of the courts of the Commonwealth of Puerto Rico** located in the Municipality of San Juan, Puerto Rico, and appellate courts from any thereof.

(Docket No. 1-1 at 3). Although this clause uses the phrase "may be tried and litigated," upon revision of the entirety of the language, the forum selection clause must be "deemed mandatory because **it dictates the exclusive forum for litigation**." Kress Stores, 30 F.4th at 103 (internal quotations omitted). The word "exclusive" means "single" or "sole." *See Exclusive*, Merriam Webster, https://www.merriam-webster.com/dictionary/exclusive (last visited Mar. 11, 2025) (listing "exclusive jurisdiction" as an example of usage). Thus, the plain language of the clause designates the courts of the Commonwealth of Puerto Rico located in San Juan, Puerto Rico as the only forum for disputes arising from the Promissory Note.

Nevertheless, Plaintiff fancifully contends that the "courts of the Commonwealth of Puerto Rico located in the Municipality of San Juan" includes the United States District Court located in San Juan. (Docket No. 33 at 2). However, Plaintiff does not provide any supporting citations and authorities to that effect, as required by Local Rule 7(a). And the "Commonwealth of Puerto Rico" is the official title for a specific, distinct legal entity. *See* P.R. Const. Art. 1, § 1. ("The Commonwealth of Puerto Rico is hereby constituted. Its political power emanates from the people and shall be exercised in accordance with their will, within the terms of the compact agreed upon between the people of Puerto Rico and the United States of America."); Commonwealth of Puerto Rico v. Sanchez Valle, 579 U.S. 59, 65 (2016) ("The Puerto Rico Constitution created a new political entity, the Commonwealth of Puerto Rico[.]"). Certainly, if a **permissive** forum selection clause uses the phrase "Courts of the Commonwealth of Puerto Rico," the permissive nature of the clause allows litigation in other courts, including the United States District Court of Puerto Rico. However, a **mandatory** forum selection clause whereby the parties submit to the **exclusive** jurisdiction of the courts of the Commonwealth of Puerto Rico necessarily precludes litigation in the United States District Court for the District of Puerto Rico.

### 2. The claims at issue fall within the scope of the clause

The "language of the forum selection clause itself that determines which claims fall within its scope." Centro Medico de Turabo, Inc., 575 F.3d at 19. Here, the forum selection clause in the Promissory Note applies to "**[a]ll actions or proceedings arising in connection with this Promissory Note**[.]" (Docket No. 1-1 at 3). The First Circuit has held that a clause applicable to "any action arising out of or in connection with the Agreement" is "unambiguously broad." Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 293 (1st Cir. 2015). *See also* Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22 (1st Cir. 2011) (noting that Courts have found the phrase "in connection with" "to be broader than the concept of a causal connection, and to mean simply "connected by reason of an established or discoverable relation.") (quotations omitted).

Here, Plaintiff claims that Defendants have not complied with the terms of the Promissory Note and seeks specific compliance. Thus, the present dispute undoubtedly "aris[es] in connection" with the Promissory Note.

### 3. The presumption of enforceability should apply

"A forum selection clause is 'prima facie valid' and, absent a 'strong showing' by the resisting party that the clause is 'unreasonable' under the circumstances,' it should not be set aside." Claudio-De Leon, 775 F.3d at 48 (quoting M/S Bremen v.

Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). The First Circuit has recognized four grounds for finding that a forum selection clause is unreasonable, and thus unenforceable:

> (1) the clause was the product of "fraud or overreaching";
> (2) "enforcement would be unreasonable and unjust";
> (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court"; or
> (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

Id. (quoting Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir. 2010)). Plaintiff did not address the reasonableness of the forum selection clause in their *Memorandum*. Rather, as will be discussed below, they claim that the forum selection clause in the Promissory Note was superseded by the Guarantee Agreement. Thus, the Court need not analyze each of the above-stated factors and finds that the presumption of enforceability applies.

**B. The forum selection clause in the Guarantee Agreement is not binding as to Renatus**

Plaintiff contends that the Guarantee Agreement supersedes the forum selection clause in the Promissory Note because it contains an integration clause establishing that: "[a]ll understandings, representations, and agreements heretofore had

with respect to this Guaranty, and the Promissory Note, as applicable, are merged into this Guaranty, as applicable, which alone fully and completely express the agreement of the Guarantor and the Company." (Docket No. 33 at 2-3). Crucially however, Renatus **is not a party to the Guarantee Agreement**.

"In Puerto Rico, contracts are generally only valid between the parties who execute them, and actions arising out of a contract can be prosecuted only by one contracting party against the other." Calderon v. Patel, No. 22-1540, 2025 WL 71809, at *3 (D.P.R. Jan. 10, 2025) (quoting Dantlzer, Inc. v. Lamas-Besos, 2010 WL 2572618, at *3 (D.P.R. 2010)). *See also* P.R. Laws. Ann. Tit. 31 § 9754. The Court has not found, and Plaintiff has not cited to, any case law or authorities to support R5 Partner's argument that the forum selection clause in the Guarantee Agreement with Mr. Swider modified the terms of the Promissory Note executed with Renatus. *See* L. CV. R. 7(a).[2]

### III. CONCLUSION

For the foregoing reasons, the Court **NOTES** Plaintiff's *Motion in Compliance with Order to Show Cause* at Docket No. 33.

---

[2] By the same token, the forum selection clause of the Promissory Note does not apply to Plaintiff's claims as to Mr. Swider. *See* Nulogy Corp. v. Menasha Packaging Co., LLC, 76 F.4th 675 (7th Cir. 2023) (when tasked with evaluating co-defendants bound to different forum selection clauses, the Seventh Circuit noted that although litigating closely related claims in different forums is not ideal, it ensures that each co-defendant benefits from the contract it agreed to and for which it provided consideration).

Plaintiff's claims as to Renatus are hereby **DISMISSED WITHOUT PREJUDICE**. Renatus' *Motion to* Dismiss at Docket No. 14 is **MOOT**. Plaintiff may refile its claims against Renatus in the court specified in the forum selection clause.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE
